UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                          )
LISA STENMARK and                         )
KEITH STENMARK,                           )
                                          )
     Plaintiffs,                          )
                                          )
     v.                                   )
                                          )   C.A. No. 16-194 S
SECRETARY OF VETERANS                     )
AFFAIRS AS OFFICER OF THE                 )
UNITED STATES OF AMERICA and              )
WELLS FARGO,                              )
                                          )
     Defendants.                          )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") Motion to Dismiss Plaintiffs' Amended Complaint ("Motion"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 4.)  Plaintiffs have not opposed Defendant's Motion.  For reasons that follow, Defendant's Motion is GRANTED.

I.   Facts

Plaintiffs Lisa and Keith Stenmark secured a loan and mortgage on a property in Warwick from Defendant on February 29, 2012.  (Am. Compl. ¶ 5, ECF No. 1-1.)  After that date, Plaintiffs defaulted on the mortgage payment to Defendant.  (Id. ¶ 6.)  Around March 6, 2015, Defendant commenced foreclosure proceedings on the Warwick

property.    (Id. ¶ 7.)    After learning of the foreclosure proceedings, Plaintiffs began negotiations for a loan modification with Defendant.  (Id. ¶ 8.)  While negotiations continued, in July 2015, Defendant again commenced foreclosure proceedings and eventually sold the property to the Secretary of Veterans Affairs (the "Secretary") on August 10, 2015 at public auction.  (Id. ¶ 9.)  The new owner of the property demanded that Plaintiffs vacate it by December 2015.  (Id. ¶ 10.)

Plaintiffs filed this action in state court on December 22, 2015 and amended the Complaint on January 21, 2016.  (See Am. Compl., ECF No. 1-1.)  On May 2, 2016, Wells Fargo removed the action to this Court.  (Notice of Removal, ECF No. 1.)  However, just prior to removal, Plaintiff stipulated to dismissing the Secretary from the case.  (See Ex. B to Notice of Removal, ECF No. 1-3.)  Consequently, only two counts remain before the Court. Although the Complaint does not specifically identify the cause of action under which Plaintiffs bring Count I, the Court gleans from the language of the Complaint that it is a promissory estoppel claim.  In Count III, Plaintiffs request a declaratory judgment from the Court that the foreclosure is void and that Plaintiffs still own the property.

II.  Legal Standard

In ruling on a motion to dismiss, the Court must "accept the well-pleaded facts as true, viewing factual allegations in the

light most favorable to the plaintiff." Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

Further, when assessing an unopposed 12(b)(6) motion, "the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004) (internal quotation marks and citation omitted). "This obligation means that a court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default." Id.

III. Analysis

    A.   Promissory Estoppel (Count I)

    Under Rhode Island law, a claim for promissory estoppel must include:  "(1) A clear and unambiguous promise; (2) Reasonable and justifiable reliance upon the promise; and (3) Detriment to the promisee, caused by reliance on the promise." Filippi v. Filippi,

818 A.2d 608, 626 (R.I. 2003) (internal citation omitted).  As to

the first requirement, the Rhode Island Supreme Court has stated

that the "terms of the promise must be certain" and that

"[p]romissory estoppel cannot be based upon preliminary

negotiations and discussions or on an agreement to negotiate the

terms of a contract."  B.M.L. Corp. v. Greater Providence Deposit

Corp., 495 A.2d 675, 677 (R.I. 1985).

In the Complaint, Plaintiffs allege that they "relied upon

their ongoing negotiations for the loan modification with Wells

Fargo that their Property would not be sold at foreclosure auction

on August 10, 2015." (Am. Compl. ¶ 12, ECF No. 1-1.) Plaintiffs,

however, cannot succeed on a claim for promissory estoppel if

reliance is based solely upon negotiations with Defendant.  See

B.M.L. Corp., 495 A.2d at 677.  Negotiations do not represent a

"clear and unambiguous promise."  Id.; see Filippi, 818 A.2d at

626.  Therefore, Plaintiffs have failed to allege facts that comply

with the basic elements of the cause of action.

     B.   Declaratory Judgment (Count III)

Plaintiffs' request for Declaratory Judgment in Count III of

the Complaint depends upon the promissory estoppel claim in Count

I.  Because Plaintiffs have failed to state a claim upon which

relief can be granted in Count I, the Court need not address

Plaintiffs' request for Declaratory Judgment.

IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' Amended Complaint is GRANTED and Plaintiff's Amended Complaint is hereby DISMISSED.

IT IS SO ORDERED.


_____
William E. Smith
Chief Judge
Date:   September 6, 2016